UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MALACHI MALIK FISHER,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER DOE #1; OFFICER DOE #2; and DOES 3 through 10,

Defendants.

Case No. 2:26-cv-02179-JAD-EJY

**ORDER**

**and**

**REPORT AND RECOMMENDATION**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 4) and Complaint for Damages (ECF No. 1-1). The application is complete and granted below.

**I. Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Therefore, to survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

When considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although

the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Recitation of the elements of a cause of action alone is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Plaintiff's Complaint

Plaintiff alleges Las Vegas Metropolitan Police Department ("LVMPD") officers approached his vehicle to conduct a traffic stop after he drove from a gas station to the Silver Sevens Hotel & Casino parking lot. ECF No. 1-1 at 4. After being asked for and providing his driver's license, LVMPD Officer Doe #1 observed a second card in the vehicle which he told Plaintiff to hand him. *Id.* Plaintiff explained the identification was "old" and "voided" holding it up for the officer to see. *Id.* The officer stated that Plaintiff was not listening and ordered him out of the vehicle. *Id.* Plaintiff alleges that after he braced his foot momentarily against the vehicle, he was "yanked" by Doe Officer #1 from his car, slammed onto a bed of rocks, Officer #1 threw his shoes and keys away, and his hands and feet were placed in "mechanical restraints." *Id.* at 5. Despite Plaintiff admitting to bracing his foot momentarily against the vehicle, Plaintiff contends he cooperated with LVMPD; although, Plaintiff also says any resistance he offered was "momentary, passive, and non-violent, and consisted of asking why he was being removed from his vehicle . . . ." *Id.* at 7.

Following Plaintiff's arrest, his vehicle was searched and ultimately "impounded." *Id.* at 5-6. Plaintiff alleges he was charged with resisting a public officer in violation of NRS 199.280(3), but the charges were dismissed at arraignment, and he was released after spending a short time in custody. ECF No. 1-1 at 6. There was no prosecution. *Id.*

The Court interprets Plaintiff's Complaint to assert a municipal liability claim under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) against the LVMPD, and five additional claims four of which are asserted against individual officers none of whom are identified by name. The four claims against Doe Officers arise under the Fourth Amendment and include (1) excessive force, (2) false

arrest, (3) failure to intercede, and (4) unlawful search of a vehicle. Plaintiff's one additional claim is titled Malicious Prosecution.

a. <u>Plaintiff's Fourth Amendment Claims.</u>

*1. Excessive force.*

Excessive force claims are analyzed under the Fourth Amendment, which guarantees the right to be free from "unreasonable searches and seizures." *Graham v. Connor*, 490 U.S. 386, 395 (1989); U.S. Const. amend. IV. The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham*, 490 U.S. at 395 (internal citations omitted) (emphasis in original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397. In determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive "*Graham* factors": (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (internal citation and quotation marks omitted). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted). These factors are not exclusive. *Id*. Instead, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id*. (internal citation and quotation marks omitted).

Plaintiff's allegations are sufficient on their face to state an excessive force claim. Plaintiff alleges that other than momentarily bracing his foot against his vehicle, he was cooperative with law enforcement providing no active resistance, and that despite his cooperative conduct Officer Doe #1 "yanked him" from his vehicle and "slammed him" onto a bed of rocks after Plaintiff provided his

driver's license. ECF No. 1-1 at 4-5, 7. Officer Doe #1 then took Plaintiff's keys and shoes and threw them out of reach before placing mechanical restraints on his arms and legs. *Id.* at 5. Plaintiff further alleges that Officer Doe #2 assisted Officer Doe #1 during the stop, arrest, and application of restraints. *Id.* at 3. The facts as alleged do not support a finding that Plaintiff posed an immediate threat to the safety of the officers or anyone else as he was parked, his car was blocked by LVMPD patrol vehicles, and other than the momentary bracing of his foot against his car, Plaintiff says he did not attempt to flee the scene or resist the officers. *Id.* at 4-5.

At this stage of proceeding, the Court "must accept as true the [factual] allegations, construe the allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor." *Geringer v. City of Pleasonton*, Case No. 3:18-cv-00385-RCJ-WGC, 2018 WL 6731176, at *2 (D. Nev. Nov. 5, 2018) (internal citation omitted). Given this standard, the totality of the facts alleged are sufficient to allow Plaintiff's Fourth Amendment, excessive force claim against Doe Officers #1 and 2 to proceed.

*2. False arrest.*

A false arrest claim is "cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Hart v. Las Vegas Metro Police*, Case No. 2:21-CV-01247-APG-DJA, 2021 WL 12142902, at *2 (D. Nev. Dec. 13, 2021) (internal quotation marks omitted). "Probable cause exists if, at the time of the arrest, under the totality of circumstances known to the arresting officers (or within the knowledge of other officers at the scene), a prudent person would believe that the suspect had committed a crime." *Id.* (Internal quotation marks omitted). Further, an arrest may be lawful without probable cause under certain "established and well delineated exceptions" that are "jealously and carefully drawn." *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971) (internal citations omitted).

Plaintiff fails to plead allegations that are sufficient to state a false arrest claim. Plaintiff avers the officers did not have probable cause to believe he was resisting arrest because he did not commit a traffic violation in their presence, but this is stated as a conclusion. ECF No. 1-1 at 4, 8. The fact that his car was parked when the officers approached him claiming reasonable suspicion that he had violated traffic law does not establish his subsequent arrest was without probable cause.

*U.S. v. Willis*, 431 F.3d 709, 715 (9th Cir. 2005). Plaintiff admits to bracing his foot against his car when asked to step out of the vehicle, and challenging the officers when told to step out of his car. These facts, depending on the totality of the circumstances, could support a resisting arrest charge. *See Mattos v. Agarano*, 661 F.3d 433, 445 (finding Plaintiff resisted arrest when she clutched her steering wheel to prevent removal). The fact that Plaintiff was not ultimately prosecuted does not impact whether probable cause of resisting may have existed at the time of his encounter with LVMPD. *Posey v. Las Vegas Metro. Police Dep't*, No. 2:23-CV-01936-GMN-MDC, 2025 WL 2280495, at *6 (D. Nev. Aug. 8, 2025) ("the mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause") (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).

Based on the foregoing, Plaintiff's facts do not support a finding that a reasonable prudent person could not conclude Plaintiff was resisting arrest at the time he was, in fact, arrested. In other words, the totality of Plaintiff's pleading fails to allege "supporting allegations demonstrating Defendants' actions were without justification." *Sagherian v. City of Henderson*, Case No. 2:23-CV-00497-GMN-DJA, 2024 WL 81402, at *4 (D. Nev. Jan. 5, 2024). Though Plaintiff's Complaint is liberally construed, the Court "may not supply essential elements of the claim that were not initially pled." *Mongeon*, 2015 WL 5129561 at *8 (citing *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). The Court finds the Complaint contains insufficient factual allegations to support a false arrest claim. The Court dismisses this claim without prejudice and with leave to amend.

*3. Failure to intercede.*

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 (9th Cir.1994), *rev'd on other grounds*, 518 U.S. 81, (1996); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir.2000). To state a failure to intercede claim a plaintiff must plead facts demonstrating the law enforcement officer had a "realistic opportunity" to intercede. *Cunningham*, 229 F.3d at 1289-90. If a violation occurs too quickly, there may be no realistic opportunity to intercede to prevent the violation. *See, e.g., Knapps v. City of Oakland*, 647 F.Supp.2d 1129, 1159-60 (N.D.Cal.2009).

The Court liberally construes Plaintiff's Complaint alleges sufficient facts to state a failure to intercede claim against Doe Officers # 3-10. These officers were allegedly present in the parking lot and witnessed Plaintiff's initial stop, Doe Officer #1 "forcibly yanking [Plaintiff] from his vehicle," and subsequently restraining Plaintiff's hands and feet. ECF No. 1-1 at 7. Plaintiff says these 8 officers witnessed the averred excessive use of force and did nothing to stop Doe Officers #1 and 2's conduct. *Id.* at 3, 7. While a close call, the Court finds the facts sufficient to facially state a failure to intercede claim which may proceed against Doe Officers # 3-10.

*4. Unlawful search of a vehicle.*

Plaintiff alleges the search of his vehicle violated his constitutional rights. *Id.* at 8. When liberally construed, Plaintiff appears to assert two claims: an unreasonable vehicle search conducted without probable cause or an exception; and an unlawful inventory search during the vehicle's impoundment that violated LVMPD standard criteria.[1] *Id.* at 8-9.

"If an arrest is lawful, an arresting officer is entitled to search the individual apprehended pursuant to that arrest. The permissible purposes of such a search include preservation of evidence ... and seizure of destructible contraband." *United States v. Uricoechea–Casallas*, 946 F.2d 162, 165 (1st Cir.1991) (internal citations omitted). A search of a person, his effects, and the area within his immediate reach at the time of a lawful arrest may be conducted without regard to any exigency or the seriousness of the offense, and regardless of any probability that the search will yield a weapon or evidence of the crime for which the person is arrested. *United States v. Robinson*, 414 U.S. 218, 236 (1973). Law enforcement may search a vehicle incident to arrest without probable cause "when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 335 (2009). In addition, the police may search a towed vehicle without probable cause since "inventories pursuant to standard police procedures are reasonable." *South Dakota v. Opperman*, 428 U.S. 364, 372 (1976).

Here, as stated above, Plaintiff pleads insufficient facts to determine whether Plaintiff's arrest violated the Fourth Amendment. Plaintiff's conclusory statements that "Doe Defendants lacked

---

[1] Plaintiff also refers to an "unlawful stop" in paragraph 54 of the Complaint but does not allege a violation of his rights in relation to the stop as it concerns the vehicle search. ECF No. 1-1 at 9. If Plaintiff intends to assert a claim for lack of reasonable suspicion under *Terry v. Ohio*, 392 U.S. 1 (1968), he must do so in his amended complaint.

probable cause" and he "committed no traffic violation in the officers' presence" do not provide adequate context to conclude the arrest was unsupported by probable cause or an exception given Plaintiff's admission that he braced his foot when asked to exit the vehicle. ECF No. 1-1 at 4-5, 8. If Plaintiff pleads a successful Fourth Amendment claim regarding his arrest, then he may also plead a claim that there could not have been a lawful search pursuant to an arrest. Further, Plaintiff's assertion that the search "was not conducted according to standardized criteria or an established routine" does not, by itself, establish that the search was made contrary to LVMPD standard procedure. *Id.* at 9. Again, this is a conclusory statement that the Court need not treat as true. *Iqbal*, 556 U.S. at 678 (finding that a court need not accept legal conclusions as true).

The Court finds Plaintiff does not presently state a Fourth Amendment violation based on the search of his vehicle. For these reasons, the Court dismisses Plaintiff's unlawful vehicle search claims without prejudice and with leave to amend.

b. <u>Plaintiff's Malicious Prosecution Claim.</u>

A malicious prosecution claim requires proof that there was a favorable termination of the prior criminal proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994). "The dismissal of a criminal proceeding is not a 'favorable' termination." *Stamas v. County of Madera*, 795 F.Supp.2d 1047, 1066 (E.D. Cal. 2011).

There is no dispute that Plaintiff was charged with resisting a public officer under NRS 199.280(3), that the charge was ultimately dismissed, and that Plaintiff was neither prosecuted nor convicted of a crime. ECF No. 1-1 at 9. Given these undisputed facts, Plaintiff cannot establish there was a favorable termination of his criminal charge, and his malicious prosecution claim fails as a matter of law. *Stamas*, 795 F.Supp.2d at 1066. The Court recommends Plaintiff's malicious prosecution claim be dismissed with prejudice.

c. <u>Plaintiff's *Monell* Claim</u>.

Plaintiff alleges a municipal liability claim against the LVMPD. ECF No. 1-1 at 10. Under *Monell*, 436 U.S. at 690-95, municipalities such as the LVMPD can only be liable for the infringement of constitutional rights under limited circumstances not demonstrated in Plaintiff's Complaint. A plaintiff asserting a *Monell* claim must, at a minimum, allege: (1) the plaintiff had "a

constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).

Further, before a *Monell* claim will proceed, a plaintiff must allege one of three theories of liability. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity like the LVMPD may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, the LVMPD may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, the LVMPD may be liable when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Here, Plaintiff alleges no facts supporting the existence of an express policy, a longstanding practice or custom that led to constitutional harm or, alternatively, that the constitutional harm was committed by an official with final policy-making authority or ratified by such an individual. Instead, Plaintiff alleges the LVMPD should be held liable because it failed to properly train and supervise its officers and because its officers searched Plaintiff's vehicle in a manner inconsistent with standardized criteria or an established routine. *Id.* at 5, 10. These facts are insufficient to demonstrate the LVMPD adopted a policy or has engaged in a longstanding practice that amounts to a deliberate indifference to Plaintiff's constitutional right or that an LVMPD official with final policy-making authority committed constitutional harm. A single claim of wrongdoing will not support a claim under *Monell*. *Segura v. City of La Mesa*, 647 F.Supp.3d 926, 935 (S.D. Cal. 2022) (internal citation omitted). However, Plaintiff may be able to cure this deficiency through amendment. Accordingly, the Court orders that Plaintiff's *Monell* claim against the LVMPD be dismissed without prejudice and with leave to amend.

**III. Order**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be separated from ECF No. 1 and filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment excessive force claim asserted against Doe Officers #1 and 2, and failure to intercede claim against Doe Officers # 3-10 may proceed.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment claims asserting an arrest without probable cause and search of his vehicle are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's municipal liability claim under *Monell* is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is provided one opportunity to file an amended complaint, which must be filed by or before **October 30, 2026**. Plaintiff is advised that if he files an amended complaint, all factual allegations and claims for relief must be stated in that filing. The Court cannot refer to Plaintiff's original Complaint for purposes of determining if the amended complaint states a claim. Said in other words, the amended complaint must be complete in and of itself. The amended complaint should address the deficiencies identified in the above with respect Plaintiff's failure to state his Fourth Amendment false arrest and vehicle search claims as well as his claim against Las Vegas Metropolitan Police Department.

Plaintiff is free to choose not to file an amended complaint. If no amended complaint is filed, Plaintiff's Fourth Amendment excessive force and failure to intercede claims will proceed against Doe Officers # 1-10.

IT IS FURTHER ORDERED that the Court requests that LVMPD waive service of summons and of the Complaint for Doe Officers # 1-10 regarding Plaintiff's excessive force and failure to intercede claims by executing, or having counsel execute, a Waiver of Service of Summons for each Doe Officer Defendant. *See* Fed. R. Civ. P. 4(d).

The General Counsel's Office **must**, within 21 days of the issuance of this Order, file a notice advising Plaintiff and the Court whether it will accept **service** on behalf of Defendant Doe Officers 1-10. If the General Counsel's Office accepts **service** of process for the Officers, they must file and **serve** an answer or other response no later than 60 days after the date of acceptance.

IT IS FURTHER ORDERED that the Clerk of Court **must** send ten copies of this Order, Plaintiff's Complaint, the Notice of Lawsuit and Request to **Waive Service** of Summons together with the **Waiver of Service** of Summons form (attached as Exhibit A) to the General Counsel's Office at Las Vegas Metropolitan Police Department at m16091c@lvmpd.com and claims@lvmpd.com.

IT IS FURTHER ORDERED that if LVMPD does not accept service for one or more officer against whom a claim proceeds, the Court asks the Department to, within 21 days of the date of this Order, use its reasonable efforts to identify those officers it can and file the name, together with the last known addresses for such officers, under seal without serving Plaintiff. If LVMPD cannot identify any officer against whom one or more claim proceeds, the Department is asked to file with the Court a notice so stating.

## IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's malicious prosecution claim under the Fourth Amendment and 42 U.S.C. § 1983 be dismissed with prejudice.

Dated this 30th day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MALACHI MALIK FISHER,<br><br>Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER DOE #1; OFFICER DOE #2; and DOES 3 through 10,<br><br>Defendants. | Case No. 2:26-cv-02179-JAD-EJY<br><br>**RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS** |

TO: Defendant
c/o Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd., Bldg. B
Las Vegas, NV 89106

A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the Complaint (ECF No. 1-1) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the United States Marshals Service, Defendant waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendant must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served, and Defendant will have 60 days from the date this notice is sent to respond to the Complaint. If Defendant does not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and Amended Complaint on Defendant and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

Dated: September 30, 2026

Elayna J. Youchah

UNITED STATES MAGISGRATE JUDGE
ELAYNA J. YOUCHAH

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and Complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MALACHI MALIK FISHER,<br>Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; OFFICER DOE #1; OFFICER DOE #2; and DOES 3 through 10,<br><br>Defendants. | Case No. 2:26-cv-02179-JAD-EJY<br><br>**RULE 4 WAIVER OF SERVICE OF SUMMONS** |

TO: The United States District Court for the District of Nevada

The following Defendant(s) acknowledge receipt of your request to waive service of summons in this case. Defendant(s) also received a copy of the Complaint (ECF No. 1-1). I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

______________________________; ______________________________;

______________________________; ______________________________;

The above-named Defendant(s) understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service. Defendant(s) also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date: ___________________________

________________________________
(Signature of the attorney
or unrepresented party)

________________________________
Printed name
Address
Email Address
Telephone Number